**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DREW KRANTZ<br>773 Village Trial<br>Gates Mill, OH 44040<br>     Plaintiff, | NO. |
|   v. | |
| SCOTT STEILER<br>220 S. 7th Street<br>Lewisburg, PA 17837<br>    Defendants. | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I. PARTIES

1. Plaintiff Drew Krantz is an adult citizen of the State of Ohio, with a permanent residence located at 773 Village Trail, Gates Mills, OH 44040.

2. Defendant Scott Steiler is an adult citizen of the Commonwealth of Pennsylvania and is the owner of a house (the "Subject Property") located at 220 S. 7th Street, Lewisburg, PA 17837.

3. At all relevant times, Plaintiff Krantz was a business invitee at the Subject Property. As such, Defendant Steiler, as well as Defendant's agents and employees owed Plaintiff Krantz the highest duty of care to protect him from harm while at the Subject Property.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action because there is complete diversity of the parties, pursuant to 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Defendant Steiler because he resides in this District and has substantial business contacts and dealings in this District.

6.      Venue is proper because the Defendant resides in this District, 28 U.S.C. § 1391(b)(1), and because a substantial part of the acts or omissions that give rise to this cause of action occurred within this District, § 1391(b)(2).

7.      The damages in this action far exceed the statutory threshold for diversity actions set forth in 28 U.S.C. § 1332(a).

**III.   RELEVANT FACTS**

8.      On May 24, 2021, Plaintiff Krantz, age 23, was visiting a friend who was living in the Subject Property, owned by Defendant Steiler.

9.      Defendant Steiler rented the Subject Property, along with several other properties he owns in Lewisburg, to students attending Bucknell University.

10.     On May 24, 2021, which was a particularly hot day, Plaintiff Krantz attempted to open a window in the Subject Property.

11.     When Plaintiff Krantz attempted to open a window, the condition of which was decrepit and in serious need of repair.

12.     A large piece of the glass window broke free and fell onto his left wrist.

13.     The large piece of broken glass pierced Plaintiff Krantz's left wrist, causing a substantial wound.

14.     A friend of Plaintiff Krantz wrapped a towel around his left wrist and used an iPhone cord for a tourniquet.

15.     Plaintiff Krantz was taken emergently to Evangelical Hospital in Lewisburg, where he received an x-ray to make sure there was no broken glass left inside his left wrist.  He also received stitches for the wound.

16.     The following day, Plaintiff Krantz flew home to Ohio where he went to the Cleveland Clinic for surgery to repair damage to his left wrist.

17.     Plaintiff Krantz suffered a catastrophic injury to his left wrist, namely the severing of his medial nerve.

18.     Because of the catastrophic injury to his left wrist, Plaintiff Krantz has no feeling in the thumb and first two fingers of his left hand.  He has been advised that he has suffered permanent nerve damage.

19.     Prior to his injury, Plaintiff Krantz played competitive tennis and golf.  His ability to play these sports will be significantly impaired because of permanent nerve damage.

20.     Prior to his injury, Plaintiff Krantz had a job lined up with a real estate investment firm but his ability to perform at this job will be significantly impaired without being able to use a computer because of his permanent nerve damage.

21.     The injuries Plaintiff Krantz has suffered, including the permanent nerve damage, are due to the negligence of Defendant Steiler.

22.     Plaintiff Krantz is in no way responsible for the decrepit window at the Subject Property or for the glass breaking away from the window or for the causing of the injuries he suffered.

23.     As a result of the negligence of Defendant Steiler, Plaintiff Krantz has suffered catastrophic injuries and losses, including the following:

      a.     Permanent nerve damage in the left wrist and hand;

      b.     Need for surgery and extensive medical treatment and rehabilitation;

      c.     Physical pain and suffering;

      d.     Mental anguish;

e.      Loss of earnings and earning capacity;

f.      Medical care costs;

g.      Disfigurement;

h.      Embarrassment and humiliation; and

i.      Loss of life's pleasures.

**COUNT ONE:  NEGLIGENCE**
**Plaintiff Krantz v. Defendant Steiler**

24.     The previous paragraphs are incorporated by reference as though set forth here in their entirety.

25.     At all relevant times, Defendant Steiler knew or should have known of the hazardous condition at the Subject Property, namely the decrepit window and window frame.

26.     Defendant Steiler, as well as his agents and employees, had a duty to correct this hazardous condition, as well as any and all others reasonably likely to cause harm to business invitees such as Plaintiff Krantz.

27.     The negligence of Defendant Steiler, as well as that of his agents and employees, consisted of the following:

a.      Failure to inspect the Subject Property;

b.      Failure to make necessary repairs, including to the window and window frame that caused Plaintiff's injuries;

c.      Failure to maintain the Subject Property, including the window and window frame that caused Plaintiff's injuries, in good working condition;

d.      Creating a hazardous and dangerous condition at the Subject Property, namely the decrepit window and window frame that caused Plaintiff's injuries;

e.      Failure to provide a hazard-free environment for all invitees, including Plaintiff Drew Krantz;

f.  Failure to provide proper and reasonable management of the Subject Property, including the conducting of regular and timely inspections and preventative maintenance;

g.  Failure to comply with local and state regulations, ordinances and codes regarding maintaining a safe premises, including the Subject Property; and

h.  Failure to take all reasonable and necessary steps to prevent injury and harm to invitees such as Plaintiff Krantz.

28.  As a direct, factual and legal cause of the negligence of Defendant Steiler, as well as of his agents and employees, Plaintiff Krantz has suffered the catastrophic injuries and losses described above.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Drew Krantz demands judgment against Defendant Scott Steiler for compensatory damages, as well as all applicable interest, and any further relief the Court or fact-finder may find appropriate.

**FREIWALD LAW, P.C.**

By:  _____

AARON J. FREIWALD, ESQUIRE
Attorney for Plaintiff

Dated:   July 12, 2021

**CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
AARON J. FREIWALD, ESQUIRE